FRANCIS O'CONNELL and Another, Plaintiffs, v. MARGARET MARY
RYAN and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Seventh District,
May 28, 1926.

Brokers — real estate broker — action for commissions — defendants
executed contract for sale of premises containing clause by which they
agreed to pay to plaintiffs, commissions " if. and when the title passes
and the consideration is paid "— defendants liable for commissions
though unable to give title to purchaser — fact that plaintiffs did not
make all parties to contract herein parties defendant precludes recovery
until issuance of supplemental summons and all parties have answered
or otherwise pleaded (Civ. Prac. Act, §§ 192, 193) — consideration.

Defendants, who executed a contract for the sale of real property which contained
a clause by which they agreed to pay commissions to the plaintiffs, real estate
brokers, " if and when the title passes and the consideration is paid," are liable
to said brokers for compensation for the services rendered by them, notwith-
standing the fact that defendants are unable to give title to the premises, since
the defendants at the time of the execution of the contract for the sale of their
property knew or should have known whether they were in a position to deliver
a marketable title, and since the plaintiffs relied upon the ability of the defend-
ants to deliver a marketable title.

However, because of the absence of some of the parties to the contract and the
failure of the plaintiffs to join them as parties defendant, the court, under sections
192 and 193 of the Civil Practice Act, will set the cause down for trial upon
the issuance by the plaintiffs of a supplemental summons naming all the parties
to the contract. The defendants so named should be given five days after such
service upon them to answer or otherwise plead.

Quære, as to whether or not the provisions of the contract for the sale of the
premises which defendants claimed to be a bar to plaintiffs' cause of action are
based upon consideration.

ACTION by real estate brokers to recover commissions.

*J. J. Aronson*, for the plaintiffs.

*Gillespie & O'Connor*, for the defendants.

PANKEN, J. The plaintiffs in this case were employed as brokers
by the defendants to dispose of premises No. 14 East One Hundred
and Thirty-third street, Manhattan, New York. A formal contract
for the sale of said premises was entered into and which was intro-
duced in evidence. The contract in evidence provides, in as far
as the plaintiffs in this case are concerned, the following: " The
sellers agree that Francis O'Connell and James Gordon brought
about this sale, and agree to pay the brokers' commission therefor,
if and when the title passes and the consideration is paid." The
contract also recites that the sellers are Margaret Mary Ryan
and others, naming the others.

There are two questions involved which require determination by the court. One is whether or not, considering the provision in the contract hereinabove set forth, and particularly that portion of the provision which reads, " and agree to pay the brokers' commission therefor, if and when the title passes and the consideration is paid," in view of the fact that no title has passed in this case, the plaintiffs are entitled to the commissions sued for by them.

The evidence in this case shows that the defendants herein and the other sellers were unable to give title to the premises. It appears that the sellers took this property as heirs of Thomas W. Ryan. Not all of the next of kin or heirs at law of Thomas W. Ryan were made parties to the contract of sale, nor was it possible for the sellers to obtain the consent to a transfer of this property to the purchaser by all of such next of kin and heirs at law of the said Thomas W. Ryan, or to make satisfactory proof that the sellers were all of such next of kin and heirs at law of Thomas W. Ryan, deceased.

I am not required to pass upon the marketability of the title, in view of the testimony that the sellers and the purchaser have agreed between themselves to cancel the contract by repayment to the purchaser of the amount deposited thereunder and assuming the obligations incurred by the purchaser pursuant to the contract.

It has been repeatedly held by the courts that one may not benefit by his own wrongful act. While in this case it cannot be said that the sellers were chargeable with having performed a wrongful act, it is, however, clear that they were unable and conceded that they were unable to carry out the provisions of the contract in evidence. The clause in the contract determining the right of the plaintiffs to commission may be treated as depending upon a condition precedent, but the performance of that condition precedent lies with the sellers. The failure to transfer the property, or being unable to transfer the property described in the contract is claimed by the defendants as a bar to recovery on the part of the plaintiffs.

In the case of *Patterson* v. *Meyerhofer* (204 N. Y. 96) the court says: " This proposition necessarily follows from the general rule that a party who causes or sanctions the breach of an agreement is thereby precluded from recovering damages for its non-performance or from interposing it as a defense to an action upon the contract."

Is it to be said that where a person enters into a contract upon the performance of which depends the compensation of an employee he is relieved of his obligation because of his inability to perform?

The sellers at the time of entering into the contract knew or should have known whether they were in a position to deliver a marketable title. I must conclude that the plaintiffs relied upon the sellers being able to deliver a marketable title. To hold that under the provision of the contract the plaintiffs would become entitled to their commissions only if and when the title passes and the consideration is paid, and to deny them compensation for the services rendered in the face of an inability on the part of the sellers to perform, would be putting a very stringent construction on that provision.

The theory of modern jurisprudence is that the intent of the parties to a contract is to be enforced. The paper in evidence has been drawn by the sellers, and in as far as the same is applicable to the plaintiffs herein, they had nothing to do with the preparation thereof; it was not even between them and the sellers. Hence it must be construed most favorably to them and as against the sellers. I should find that the plaintiffs are entitled to judgment in this case against the sellers, provided all of the sellers were before me.

That leaves the other question to be determined. Section 192 of the Civil Practice Act reads: " Nonjoinder and misjoinder. No action or special proceeding shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added or substituted and parties misjoined may be dropped by order of the court at any stage of the cause as the ends of justice may require."

Section 193 reads: " Determination of rights of parties before the court. 1. The court may determine the controversy as between the parties before it where it can do so without prejudice to the rights of others or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties the court must direct them to be brought in."

All of the parties to the contract are not before me. The ends of justice would not be served if I should by reason of the fact that there was a nonjoinder of parties defendant dismiss the plaintiffs' complaint.

I, therefore, direct that a supplementary summons be issued by the plaintiffs, naming all of the parties to the contract, and the defendants so named have five days after such service upon them to answer or otherwise plead. The case is set back for trial.

It is also questionable as to whether or not the provisions of the contract quoted above and which defendants claim to be a bar to the plaintiffs' cause of action, are based upon consideration.